United States Court of Appeals
Fifth Circuit

**FILED**

# UNITED STATES COURT OF APPEALS January 6, 2009

## FOR THE FIFTH CIRCUIT

Charles R. Fulbruge III
Clerk

**FILED**

FEB 02 2009

DAVID DEWS

Deputy

---

No. 08-60502
Summary Calendar

---

D.C. Docket No. 2:06-CV-125

ZUNDRIA D CRAWFORD

Plaintiff - Appellant

v.

BAXTER HEALTHCARE CORP

Defendant - Appellee

Appeal from the United States District Court for the
Northern District of Mississippi, Oxford.

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE:  JAN 2 8 2009

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By:
Deputy

New Orleans, Louisiana    JAN 2 8 2009

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60502
Summary Calendar

ZUNDRIA D. CRAWFORD

Plaintiff-Appellant

v.

BAXTER HEALTHCARE CORP.

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:06-CV-125

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

This is an employment discrimination case that reaches us on appeal from a grant of summary judgment by the United States District Court for the Northern District of Mississippi.

From late November 2003 to late September 2005, the plaintiff-appellant, Zundria Crawford, worked for defendant-appellee Baxter Healthcare Corp., a medical devices company, in its Cleveland, Mississippi, facility. From November

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60502

24, 2003, until January 1, 2005, she was a "Quality Lab Associate" in the facility's microbiology lab. Then Baxter transferred her to the chemistry lab, where she worked until she was fired on September 29, 2005. She filed a discrimination complaint with the EEOC, which granted her a right to sue letter without issuing a determination. She filed suit in federal court on July 17, 2007.

The district court granted summary judgment for Baxter, holding that she did not successfully make out a prima facie case of discrimination and that even if she had, Baxter offered a non-discriminatory reason for its action, which Crawford failed to refute.[1] Because we agree with the district court that she has not made out a prima facie case, we need go no further in our analysis.

As to the prima facie case for discriminatory termination, Crawford was replaced by another African-American, and she has not shown that Baxter treated her less favorably than any similarly situated employee.[2] Her record of poor work performance far exceeds that of any other employee whose record she cites.

As to the prima facie case for retaliation, Crawford's own brief acknowledges that she was unqualified for the chemistry lab job from which she was fired.[3] This transfer to this lab from the microbiology lab took place in January 2005, long before she made the complaint that allegedly led to Baxter's

---

[1] The district court wrote: "In this case, defendant has produced one of the most carefully and extensively documented records of inadequate work performance which this court has encountered. . . . [T]he court has no doubt that plaintiff was, in fact, terminated because of her poor work performance and because of her difficult attitude in dealing with co-workers and supervisors, rather than because of discrimination or retaliation."

[2] *See* Okoye v. Univ. of Texas Houston Health Science Center, 245 F.3d 507, 513-14 (5th Cir. 2001).

[3] "Instead of Baxter continuing to help Ms. Crawford improve in the behavioral area, Baxter transferred her to the Chem Lab which was outside of her qualifications and ability which resulted ultimately in her termination."

2

No. 08-60502

retaliatory treatment. Thus, this complaint could not possibly have been the reason for her termination, because, as she herself acknowledges, her lack of ability to perform her new job was the reason she was fired. Even without this acknowledgement, her prima facie case on retaliation would undoubtedly fail, given her poor record before and after she made her complaint and the utter lack of evidence of a causal relationship between the complaint and her ultimate termination.

This court's review of grants of summary judgment is de novo. Accordingly, we have carefully reviewed the parties' submissions and the record. We find that Crawford has failed to establish a prima facie case for either of her claims. The judgment of the district court is therefore AFFIRMED.

U.S. COURT OF APPEALS

**F I L E D**

MAY 21 2008

CHARLES R. FULBRUGE III
CLERK

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**BILL OF COSTS**

NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion,* See FED. R. APP. P. & 5th Cir. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

ZUNDRIA D. CRAWFORD v. BAXTER HEALTHCARE CORP.;   No. 08-60502

The Clerk is requested to tax the following costs against:   Zundria D. Crawford

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excepts | 6 | 22 | $0.10 | $13.20 | 6 | 22 | .10 | 13.20 |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 10 | 42 | $0.10 | $42.00 | 10 | 41 | .10 | 41.00 |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| Total $ 55.20 | | | | | | | $54.20 | |

Costs are hereby taxed in the amount of $ ___5420___ this ___ day of ___,

Costs are taxed in the amount of $ ___5420___

CHARLES R. FULBRUGE III, CLERK

By _____
Deputy Clerk

State of Mississippi
County of Hinds

I, Alison Tasma Vance, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This ___15th___ day of January, 2009.

_____
(Signature)

Attorney for Baxter Healthcare Corp.

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

JAN 20 2009
NEW ORLEANS, LA.